IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AMANDA HOPE,<br><br>   Plaintiff,<br><br>vs.<br><br>TELLIGEN, INC.,<br>   Defendant. | Civil Action No. 4:25-cv-389-RGE-WPK |
| TRISHA BOUGHN,<br><br>   Plaintiff,<br><br>vs.<br><br>TELLIGEN, INC.,<br>   Defendant. | Civil Action No. 4:25-cv-391-RGE-WPK |

**MOTION TO CONSOLIDATE & REQUEST TO EXTEND DEADLNE
TO SUBMIT DISCOVERY PLAN and CONTINUE TRIAL SCHEDULING
CONFERENCE PENDING RESOLUTION**

**COMES NOW** Defendant Telligen, Inc. ("Defendant" and "Telligen"), pursuant to Federal Rule of Civil Procedure 42(a), and hereby moves to consolidate *Trisha Boughn v. Telligen, Inc.*, Civil Action No. 4:25-cv-391-RGE-WPK (Iowa S.D.) with the matter *Amanda Hope v. Telligen, Inc.*, Civil Action No. 4:25-cv-389-RGE-WPK (Iowa S.D.), and in support thereof states:

1. Plaintiff Amanda Hope filed her lawsuit on October 16, 2025. (*Hope*, No. 4:25-cv-389-RGE-WPK, ECF No. 1). Hope's complaint states eight causes of action: (1) negligent hiring, (2) negligent supervision, (3) hostile work environment under Title VII of the Civil Rights

1

Act of 1964 ("Title VII"), (4) hostile work environment under the Iowa Civil Rights Act ("ICRA"), (5) quid pro quo sexual harassment under Title VII, (6) quid pro quo sexual harassment under ICRA, (7) retaliation under Title VII, and (8) retaliation under ICRA. (*Id.*). In her complaint, Hope purports to address the allegedly unlawful conduct of Ricardo Berman from May 2024 to September 2024. (*Id.*).

2. Plaintiff Trisha Boughn filed her lawsuit on the same day (October 16, 2025), stating the same eight causes of action, and purporting to address the allegedly same unlawful conduct of Ricardo Berman from May 2024 to September 2024. (*Boughn*, No. 4:25-cv-391-RGE-WPK, ECF No. 1).The factual allegations in the lawsuits closely mirror one another and appear to have been crafted by copy and paste in many respects.

3. Both Hope and Boughn are current Telligen employees and Ricardo Berman was their former supervisor. (*Boughn*, No. 4:25-cv-391-RGE-WPK, ECF No. 1 at ¶ 12; *Hope*, No. 4:25-cv-389-RGE-WPK, ECF No. 1 at ¶ 13).

4. Both Hope and Boughn seek the same elements of damages: "mental and emotional distress, fear, anguish, humiliation, betrayal, stress, loss of wages, and lost enjoyment of life." (*Boughn*, No. 4:25-cv-391-RGE-WPK, ECF No. 1 at ¶ 161; *Hope*, No. 4:25-cv-389-RGE-WPK, ECF No. 1 at ¶ 171). Both include the same prayer for relief. (*Boughn*, No. 4:25-cv-391-RGE-WPK, ECF No. 1 at IV(A)-(F); *Hope*, No. 4:25-cv-389-RGE-WPK, ECF No. 1 at V(A)-(F)). Presumably, if the Plaintiff in either matter prevails at trial, they will seek attorney fees where an attorney fee application may be submitted which would involve overlap of work in both cases.

5. Both Hope and Boughn also demanded a trial by jury. (*Boughn*, No. 4:25-cv-391-RGE-WPK, ECF No. 1 at 34; *Hope*, No. 4:25-cv-389-RGE-WPK, ECF No. 1 at 31).

6. Although filed on the same day, the *Amanda Hope v. Telligen, Inc.* matter has the earlier case number and is presumed to be the lead.

7. Federal Rule of Civil Procedure 42(a) permits the consolidation of actions pending before a court which "involv[e] a common question of law or fact ...." *E.E.O.C. v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006) (alteration in original) (quoting Fed. R. Civ. P. 42(a)). Consolidation is used as "a matter of convenience and economy in administration," and has as its purposes the avoidance of unnecessary cost or delay. *Id.* (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)).

8. Hope's Complaint and Boughn's Complaint contain common factual allegations, culminating in the same trip to Des Moines involving both Plaintiffs and Ricardo Berman at the same hotel. Their complaints also advance the same eight theories of liability against the same Defendant for the alleged misconduct, including alleged harassment and retaliation due to a perceived demotion.

9. Given the common factual allegations and theories of liability, these two cases will involve substantially the same discovery from Telligen and review of substantially similar evidence on a motion for summary judgment or at trial. The Court will ultimately be tasked with deciding an employer's liability for an incident that occurred outside of the workplace. Consolidation is appropriate to ensure efficiency and consistency in judicial rulings while reducing delay and attendant litigation costs.

10. Consolidation is also appropriate as both cases are at an optimal position to consolidate as these cases are still in the pleading stage and without a scheduling order on file.

11. The Court has set a scheduling conference in both matters for January 27, 2026 at 9:00AM and 10:00AM respectively. (*Boughn*, No. 4:25-cv-391-RGE-WPK, ECF No. 9; *Hope*,

No. 4:25-cv-389-RGE-WPK, ECF No. 9). The Court further ordered the parties to submit a proposed scheduling order and discovery plan as provided under Local Rule 16 by 1/20/26 in both matters. (*Id.*). Defendant requests a continuance of these deadlines pending resolution of this motion in order to avoid waste of judicial resources.

12. This Motion has been filed in both pending actions: *Amanda Hope v. Telligen, Inc.*, Civil Action No. 4:25-cv-389-RGE-WPK (Iowa S.D.) and *Trisha Boughn v. Telligen, Inc.*, Civil Action No. 4:25-cv-391-RGE-WPK (Iowa S.D.).

13. The undersigned counsel for Telligen, Inc. has met and conferred in good faith with counsel for Plaintiffs who has indicated that Plaintiffs resist this motion in part. Plaintiffs do not resist the motion to consolidate for purposes of discovery but believe the Plaintiffs should have separate trials.

WHEREFORE, Defendant Telligen, Inc. respectfully request this Court grant this Motion to Consolidate and consolidate *Trisha Boughn v. Telligen, Inc.*, Civil Action No. 4:25-cv-391-RGE-WPK (Iowa S.D.) with the matter *Amanda Hope v. Telligen, Inc.*, Civil Action No. 4:25-cv-389-RGE-WPK (Iowa S.D.).

    */s/ Kati*e *L. Graham*
Randall D. Armentrout, AT0000543
Katie L. Graham, AT0010930
Alexandra M. Cutler, AT0014951
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, Iowa 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: rdarmentrout@nyemaster.com
      kgraham@nyemaster.com
      amcutler@nyemaster.com

**ATTORNEYS FOR DEFENDANT TELLIGEN INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on January 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the counsel below:

Alexis S. Mullaney
FIEDLER LAW FIRM, P.L.C.
17330 Wright Street, Ste 102
Omaha, NE 68130
Email: alexis@employmentlawnebraska.com
ATTORNEY FOR PLAINTIFF

                                                */s/ Kristen Carroll*