IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TRISHA BOUGHN<br><br>    Plaintiff,<br><br>vs.<br><br>TELLIGEN, INC.,<br><br>    Defendant. | 4:25-cv-00391-RGE-WPK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE |

    Before the Court there are two identical Motions to Consolidate filed by Defendant, Telligen, Inc., in cases *Hope v. Telligen, Inc.*, 4:25-cv-00389-RGE-WPK and *Boughn v. Telligen, Inc.*, 4:25-cv-00391-RGE-WPK. In the present Motions, Defendant requests that the Court consolidate the actions in their entirety pursuant to Federal Rule of Civil Procedure 42(a). Plaintiffs, Amanda Hope and Trisha Boughn, do not resist consolidation of the cases for purposes of discovery but do resist the consolidation of trials. ECF No. 10 at 4 ¶ 13; ECF No. 13 at 1 ¶ 2-3.

    Defendant contends that consolidation is appropriate because both Plaintiffs "bring the same eight counts purporting to address the same allegedly unlawful conduct—involving the same alleged bad actor, same alleged incidents, and same alleged time period." ECF No. 10-1 at 1. Additionally, it argues that "unfair prejudice" has not been shown; thus, consolidation should be permitted. ECF No. 14 at 3 ¶ 6.

    Plaintiffs agree that consolidation for discovery purposes is appropriate, but they oppose consolidation for trial because the "cases are not identical and involve different facts." ECF No. 13 at 2. Specifically, Plaintiffs contend, "Amanda and Trisha are different people and will be claiming different damages, particularly with respect to the emotional distress they have suffered.

1

It would not be appropriate to treat their individual experiences, harms, and damages as if they are a single case." *Id.*

"If actions before the court involve a common question of law or fact, the court ... may consolidate the actions...." Fed. R. Civ. P. 42(a). After fully considering the parties' positions, and reviewing the current pleadings, the Court finds consolidation of the cases in their entirety is appropriate.

The Federal Rules of Civil Procedure govern the procedure in all civil actions before the court. The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Pursuant to Federal Rule of Civil Procedure 42(a), if actions "involve a common question of law or fact," this court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). "'[O]ne or many or all of the phases of the several actions may be merged.'" *Id.* at 76 (quoted citation omitted). However, as provided within Rule 42(a), "a common issue of law or fact is a prerequisite to consolidation." *Enterprise Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994). Further, it is well-established "consolidation is permitted as a matter of convenience and economy in administration but *does not merge the suits into a single cause, or change the rights of the parties*, or make those who are parties in one suit parties in another." *Id.* at 235 (emphasis added) (quoting *Johnson v. Manhattan Ry.,* 289 U.S. 479,

496–97 (1933)). As explained by the Supreme Court, "[f]rom the outset, we understood consolidation *not as completely merging the constituent cases into one*, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall*, 584 U.S. at 67 (emphasis added). The Court considers several factors in determining whether consolidation is appropriate, including

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Kotalik v. UnitedHealth Grp. Inc.*, No. 25-CV-01751 (ECT/ECW), 2025 WL 2581705, at *2 (D. Minn. Sept. 5, 2025) (quoting *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998)). Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

"A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions . . . and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *Droll v. City of Keota, Iowa*, No. 120CV00016JAJSHL, 2021 WL 10256531, at *2 (S.D. Iowa Oct. 15, 2021) (quoting *Thompson v. City of St. Peters*, No. 4:15CV404 RLW, 2016 WL 1625373 (E.D. Mo. April 21, 2016)). Considering the case's early posture, the Court is concerned that consolidation at this stage might not promote efficiency. Discovery may later require bifurcation of the Plaintiffs' respective claims against Telligen, Inc. if unfair prejudice emerges, thereby undermining any initial gains from consolidation.

The Court begins with Rule 42(a)'s prerequisite of a common question of law or fact among the cases. The Court is satisfied that such prerequisite is met here. Given the almost identical nature

of the Complaints, the same elements for determining damages, and the same prayers for relief, the Court concludes there is a common question of law and fact between the two cases. Moreover, all parties agree that the commonalities between the cases at least warrant consolidation for discovery purposes. *See* ECF No. 10-1 at 3; ECF No. 13 at 2.

There are two women Amanda Hope and Trisha Boughn who each filed a thirty plus page complaint with over 150 paragraphs each against their employer Defendant Telligen, Inc. and the allegedly unlawful conduct of Ricardo Berman from May 2024 to September 2024. *See* ECF No. 14, ¶ 2. Plaintiffs bring the same eight causes of action against Defendant Telligen and the same prayer for relief. Plaintiffs agree that "there is no doubt that many of the factual allegations contained in the respective complaints closely mirror each other." ECF No. 13. Plaintiffs do not obviously dispute that consolidation will bring efficiency and convenience but do argue that these cases are not identical and involve different facts. The legal standards and jury instructions applicable in the Hope case will likely be similar to those in the Boughn case. The Court finds that the factual and legal issues presented by the two cases are common enough to satisfy the threshold requirement for consolidation pursuant to Rule 42(a).

Next, the Court looks at the underlying factors of each case to determine whether consolidation would promote judicial efficiency and economy. The parties agree that *for discovery purposes* consolidation would avoid duplicative discovery, save time and costs, and thus be in the interest of judicial efficiency and economy. *See* ECF No. 10-1 at 3; ECF No 13 at 2. These separate cases would involve substantially the same discovery from Telligen. Because of the factual pattern and legal issues, if there was just one trial it would be much more efficient for witnesses, it would save costs and expenses for attorneys and would be a more productive use of the court's time and jury resources.

Courts have consistently held that consolidation of cases is to promote judicial efficiency and convenience, cases do not need to be identical, nor are they usually. *See EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). Additionally, as set forth above, the Supreme Court has explained that consolidating cases does not completely merge them into one, the distinct identities of the cases and the rights of the separate parties in them are preserved. *Hall*, 584 U.S. at 67. Consolidation does not change the rights of the parties. *Saettele*, 21 F.3d at 236. One of the key facts pointed out by the Plaintiffs is that Ricardo Berman's allegedly harassing treatment of Amanda and Trisha were different in some respects. "It would not be appropriate to treat their individual experiences, harms, and damages as if they are a single case." ECF No. 13 at 2.

The parties clearly disagree on whether there is unfair prejudice to the Plaintiffs by consolidating the cases for trial. In analyzing the question of whether consolidation for trial is appropriate here, "the key determination to be made is whether consolidation will cause unfair prejudice to the Plaintiff." *Criswell v. City of O'Fallon, Mo.*, No. 4:06CV01565-ERW, 2007 WL 2669114, at *2 (E.D. Mo. Sept. 6, 2007) (citing *Equal Employment Opportunity Commission v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir.1998)).

Plaintiffs assert that they will suffer prejudice upon consolidation of their cases for purposes of trial because their cases are not identical and "the damages they have suffered may prove to be different." ECF No. 13 at 2. The record does not identify many other specifics regarding unfair prejudice, and the Court finds this argument ultimately unpersuasive. Both Hope and Boughn seek the same elements of damages: "mental and emotional distress, fear, anguish, humiliation, betrayal, stress, loss of wages, and lost enjoyment of life." ECF No. 10 at 2. Both assert their damages stem from the allegedly unlawful conduct of Ricardo Berman from May 2024 to September 2024 and how Telligen, Inc. handled the situation.

The Court understands that each of plaintiff's damages are independent. While they allegedly underwent similar experiences, each plaintiff will have to present proof of her own unique damages at trial. The evidence presented by one plaintiff will be irrelevant to the other Plaintiff but will apply to the one, common Defendant and how it defends against the allegations. A jury will be able to compartmentalize the claims of one plaintiff as opposed to the other. Based on the current record, the court finds that no prejudice provided will result from consolidating the actions. Moreover, consolidation is supported by numerous common questions of fact that will rely on many of the same witnesses and testimony evidence. There are also numerous common legal issues. Thus, the Court concludes the fact the parties may have different damages, and the cases are not identical does not show sufficient prejudice to outweigh the judicial economy and convenience that would result from consolidating the cases for trial as well as discovery purposes. "Given the clear and undisputed efficiencies resulting from pretrial consolidation, the Court sees no reason why consolidation would not promote efficiencies at trial." *Kotalik v. UnitedHealth Grp. Inc.*, No. 25-CV-01751, 2025 WL 2581705, at *3 (D. Minn. Sept. 5, 2025).

For the reasons set forth above, the Court concludes Defendant's Motion to Consolidate is **GRANTED**. Cases *Hope v. Telligen, Inc.*, 4:25-cv-00389-RGE-WPK and *Boughn v. Telligen, Inc.*, 4:25-cv-00391-RGE-WPK shall be consolidated in their entirety. Pending further Orders from the Court, all future filings for the two cases shall be made solely in the lead case, *Hope v. Telligen, Inc.*, 4:25-cv-00389-RGE-WPK.

Plaintiff requests, upon consolidation, that they be permitted to submit additional interrogatories and discovery requests as well as conduct additional depositions. ECF No. 13 at 2. Plaintiff provides no reasoning or justification for the requests currently. Federal Rule of Civil

Procedure 42 does not provide such remedies for non-moving parties when consolidation is granted. As a result, Plaintiffs' requests are **DENIED** without prejudice.

The parties shall contact the Court to set a mutually agreeable Trial Scheduling Conference. Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *See* Fed. R. Civ. P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections. *Id*. Objections must be timely and specific to require review by the district court.

IT IS SO ORDERED.

Dated February 4, 2026.

_____
Honorable William P. Kelly
U.S. Magistrate Judge